**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 13-cv-00351-MSK**

**HIGH POINTE, LLC,**

      **Plaintiff,**

v.

**TERRY D. HAMILTON,
CHEMAWAY, INC., and
DAVID HAMILTON,**

      **Defendants, and**

**CHEYENNE WY DEVELOPMENT CORPORATION,**

      **Intervenor Defendant.**

**ORDER REMANDING CASE**

      **THIS MATTER** comes before the Court *sua sponte*.

      The procedural history of this action is somewhat murky. The Plaintiff commenced this action on or about September 29, 2005, in the Colorado District Court for Weld County, seeking to quiet title in three parcels of real property in Weld County in favor of the Plaintiff, and naming Defendants Terry Hamilton and Chemaway as the only other known parties claiming an interest in the property. It appears that on or about March 3, 2011, the state court quieted title in the property in favor of the Plaintiff, possibly as the result of the Plaintiff having reached a settlement with the then-named Defendants (including the Intervenor Defendant). That state court order, or perhaps the entire case, may be the subject of a current appeal to the Colorado Court of Appeals.

On or about January 11, 2013, Defendant David Hamilton, claiming that the state court never properly afforded notice of the action to interested non-parties, filed a purported *pro se* "Answer" in the state court.  On January 25, 2013, the state court struck David Hamilton's answer, stating that he "is not a party to this case," and that in any event, the state court "does not have jurisdiction in this case as it is . . . currently on appeal."

David Hamilton then filed the instant Notice of Removal (**# 1**), contending that this Court has subject-matter jurisdiction over the matter pursuant to 28 U.S.C. § 1331—that is, federal question jurisdiction.  Mr. Hamilton apparently contends that a federal question is presented in two ways: (i) that "the laws of the United States . . . require service of legal process upon all unknown persons who claim an interest" in the property at issue; and (ii) that the Plaintiff (or perhaps the state court) has deprived him of the protections against deprivation of property without due process, as provided by the Fifth and Fourteenth Amendments to the U.S. Constitution

It appears that Mr. Hamilton is proceeding *pro se*. Accordingly, the Court construes his pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).  However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Mr. Hamilton's use of legal terminology and proper English.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve Mr. Hamilton of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat him according to the same standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The party invoking federal jurisdiction, here, Mr. Hamilton, bears the burden of proving such jurisdiction exists. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001). The Court finds that Mr. Hamilton's allegations of federal subject-matter jurisdiction are defective for a variety of reasons.

To permit removal of a case on federal question grounds, the federal question must appear on the face of the well-pleaded Complaint; an anticipated or actual defense that invokes a federal question does not permit removal. *Jefferson County v. Acker*, 527 U.S. 423, 430-31 (1999). Here, the face of the state court Complaint reveals a garden-variety quiet title action under state law. The "federal questions" Mr. Hamilton asserts – which essentially contend that he was denied Due Process by not having been served in the case -- are essentially affirmative defenses he might assert to a contention that he is bound by the state court's order quieting title in the Plaintiff. Thus, even assuming that Mr. Hamilton's allegations of due process violations are viable (and this Court makes no such finding), those allegations are defensive in nature and thus do not create federal subject matter jurisdiction sufficient to support removal.

In addition, Mr. Hamilton's purported removal fails for several additional reasons. The state court has stricken his purported Answer and, by all appearances, he is not currently a party to this action. Although Mr. Hamilton might very much wish to be heard on the matter, until he is officially made a party by an order of the state court, he lacks standing to file a Notice of Removal. *See* 28 U.S.C. § 1441(a) (removal must be "by the defendant or defendants" in an action). Moreover, all parties named as Defendants must join in a removal, 28 U.S.C. § 1446(b)(2)(A), and Mr. Hamilton has not represented that the other named Defendants in the case consent to his removal of the action.

For the foregoing reasons, the Court finds that it lacks subject-matter jurisdiction over this action, and thus, REMANDS the action to the Colorado District Court for Weld County pursuant to 28 U.S.C. § 1447(c).  The Clerk of the Court shall transmit the entire case file in this case to the Clerk of the Colorado District Court for Weld County and shall thereafter close this case.

Dated this 14th day of February, 2013.

**BY THE COURT:**

_____
Marcia S. Krieger
Chief United States District Judge

.